IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES THOMLINSON,               )
                                          )
            Petitioner,        )        Case No.: 1:06-CV-687
                                          )
   -vs-                       )        JUDGE: POLSTER
                                          )
STUART HUDSON, Warden,      )
                                          )        Magistrate Judge Vecharelli
            Respondent.      )
                                          )
                                          )

## PETITIONER'S OBJECTIONS TO REPORT
## AND RECOMMENDATION OF MAGISTRATE JUDGE

Pursuant to Fed.R.Civ.P. 72, Petitioner lodges specific objections to the proposed findings and recommendation of dismissal of the Magistrate Judge filed May 29, 2007, for the reasons set forth in the accompanying memorandum.

Respectfully submitted,


s/ David L.  Doughten
David L. Doughten, Esq.
4403 St. Clair Avenue
Cleveland, OH  44103-1125
Tel. No.: (216) 361-1112
Fax No.: (216) 881-3928
E-Mail: ddoughten@yahoo.com

## <u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing <u>Objections to Report and Recommendations</u> was filed by  by electronic filing on this  21st  day of June, 2007.  All parties may gain access to this motion through the electronic filing system.

s/ David L. Doughten
COUNSEL FOR PETITIONER

## <u>MEMORANDUM IN SUPPORT</u>

### I.       INTRODUCTION

On May 29, 2007, Magistrate Judge Vecharelli issued a report and recommendation that the petition for habeas relief filed pro se pursuant to 2254 could not be considered on the merits as its filing violated the statute of limitations.  Thomlinson does not object to this filing.  The magistrate is correct on this issue.  The direct appeal was completed in state court on December 1, 2004.  Thomlinson did not file the petition until March 27, 2006.  Under any counting, Thomlinson cannot argue that the one-year statute of limitations required by 2254(d)(1) has been met.

Thomlinson did attempt to file an application to Re-open his direct appeal pursuant to Ohio Rule of Appellate Procedure 26(B) in state court.  This motion, too, was filed on a pro se basis.  It was also filed late under the above rule.  Because it was tardily filed, the statute of limitations for the filing of a 2254 petition is not tolled.  <u>Pace v. Diguglielmo</u>, 544 U.S. 408, 414 (2005) These above findings are also not disputed.

Thomlinson also argued that the merits of his be decided on an equitable tolling basis.  He was filing pro se, he did not have proper advise from his counsel and he made a good faith effort to comport with the complicated rules of habeas litigation while in prison.  The Report and Recommendation found that equitable tolling did not lie in this case and recommended the dismissal of the petition.  (Dkt. 18, Report and Recommendation, p. 10-11)

Thomlinson objects to this finding.  The objection is two-fold.  Equitable tolling should have been granted.  Second, the matter was decided without a hearing on the issue.  If this Court does not make a finding of equitable tolling, it is respectfully requested that this matter be

remanded to the magistrate judge with instructions to hold a hearing to develop a full record to determine the validity of the equitable tolling request.

The specific objection is addressed below.

Background of Case

A Cuyahoga County grand jury indicted the defendant-Petitioner (hereinafter Petitioner) James Tomlinson for three counts of Trafficking in Drugs, one count of Possession of Criminal Tools, two counts of Possession of Drugs and one count of Illegal Manufacturing of Drugs.  The Petitioner pleaded not guilty at his arraignment.

The jury found the Petitioner guilty of trafficking and possessing drugs.  He was acquitted of the remaining charges.  The trial court sentenced him to an aggregate sentence of eleven years.

The Petitioner argued at trial and throughout the appellate process that he was falsely convicted of the offense due to, among other factors,  misreliance of law enforment upon informants, including confrontation violations for allowing law enforcement to testify the contents of their discussions with the informants.

Tomlinson appealed his convictions to the Ohio Eighth District Court of Appeals and the Ohio Supreme Court.  The latter court denied accepting jurisdiction in the matter on December 1, 2004.  Eight months latter, on July 29, 2005, Tomlinson filed to reopen his direct appeal in the Eighth District Court of Appeals.  It was denied as untimely filed on October 31, 2005. Tomlinson timely filed an appeal from this denial in the Ohio Supreme Court.  The court again refused jurisdiction on February 22, 2006.

Tomlinson filed his petition in this Court on March 27, 2006.  (Dkt. No. 1) The

4

Magistrate found that Tomlinson failed to comply with the AEDPA statute of limitations in her Report and Recommendation filed May 29, 2007. (Dkt. No. 18)

## II.    STANDARD OF REVIEW

Reconsideration of a magistrate's report and recommendation is governed by 28 U.S.C. §636(b)(l).  According to its provisions, a judge may assign a magistrate the responsibility of making proposed findings of fact and recommending the disposition of certain "dispositive" motions, including motions for summary judgment.  28 U.S.C. §636(b)(l)(B).  Should a party object to these proposed findings and recommendations, the judge must make a de novo determination on the contested portions.  28 U.S.C. §636(b)(l); U.S. v. Raddatz, 447 U.S. 667, 673-74(l980); Roland v. Johnson, 856 F.2d 764, 769 (6th Cir. l988).  Failure to do so constitutes reversible error. E.E.O.C. v. Keco Industries, Inc., 748 F.2d l097, ll02 (6th Cir. l984).  In conducting a de novo review, the judge is free to accept, reject, or modify any of the magistrate's findings and recommendations.  28 U.S.C. §636(b)(l);  Raddatz, 447 U.S. at 673-74, 680. With the correct standard of review in mind, Petitioner now turns his attention to the merits of the specific objections.

5

## III.    OBJECTIONS TO REPORT AND RECOMMENDATION

**A.    The Report and Recommendation incorrectly denied the Petitioner equitable tolling.**

The Petitioner James Tomlinson admittedly failed to file his petition within the timeframe allotted by AEDPA.  He filed his petition one year and one month after the completion of the final filing in the Ohio Supreme Court (an appeal of a Ohio R.  26(B) or Murnahan Application), but over two years after the end of the direct appeal.  Because the application was not timely filed, the timeframe of that litigation did not toll the statute of limitation.  In addition, even had it tolled the time, the filing would have been over one year from the denial of the Murnahan in state court.  Nevertheless, equitable tolling should be granted in this matter.

Tomlinson continually attacked his convictions in state court.  The issues that he raised in his petition were exhausted prior to their filing in federal court.   Filing his petition on a *pro se* basis, Thomlinson did not realize that had he filed his 2254 petition before exhausting the issue of appellate ineffectiveness in state court, the statute of limitation would not have run.

His direct appeal was completed in the Ohio Supreme Court on December 1, 2004.  His Murnahan application, or Ohio App. R. 26(B)  was filed on July 29, 2005, well within one year of the completion of the direct appeal proceedings.  Tomlinson believed that this filing would toll the time limitation of AEDPA because he believed that he had shown good cause for the tardy filing of the Murnahan in the Ohio Court of Appeals, his direct appeal counsel's negligence.  (Petitioners Traverse, Dkt. No. 11, p. 1, 2)

Tomlinson also apparently believed that the 90 extension from a direct appeal would apply to the Murnahan litigation.  As Murnahan or App. R. 26(B) is now deemed a collateral

6

appeal, the direct appeal extension does not apply, even though the application is designed to re-open the direct appeal. *Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005) Thus, even had the tolling been granted for the development of this collateral procedure, the filing of his petition in this Court would have run afoul of AEDPA.

Because of his good faith attempts, Petitioner Thomlinson argues for an equitable tolling of the statute. Equitable tolling is permissible under the Anti-Terrorism and Effective Death Penalty Act (AEDPA) [28 U.S.C. §2254], although rare." *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004). It is understood that the burden of persuasion is upon the petitioner. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002); 2002 FED App. 0365P (6th Cir.), p.4, citing, *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) ("Once Smith was notified that his petition was subject to dismissal based on AEDPA's statute of limitations and the record indicated that Smith's petition fell outside the one-year time period, Smith had the burden of demonstrating that the limitation period was sufficiently tolled."); *Cf. Campbell v. Grand Trunk W. R.R.Co.*, 238 F.3d 772, 775 (6th Cir. 2001) (requiring, in FELA context, that plaintiff show entitlement to equitable tolling once defendant has demonstrated that statute has run.)

**II      Equitable Tolling Is Appropriate In The Case At Bar:**

**A.      The Standard To Be Applied:**

 In *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), the Sixth Circuit determined that the AEDPA's statute of limitations was subject to equitable tolling. Generally, the courts have conditioned equitable tolling upon a showing that the prisoner exercised diligence but was prevented by "extraordinary circumstances" from filing in a timely fashion. However, in *Dunlap,* Id., at 1008-09 (6th Cir. 2001), the Sixth Circuit eschewed the "extraordinary

7

circumstances" formulation and concluded that equitable tolling in *habeas corpus* cases should be governed by the criteria used in the circuit for determining equitable tolling in other contexts: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim."(referencing *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000).

Furthermore, these factors "are not necessarily comprehensive or always relevant; ultimately every court must consider an equitable tolling claim on a case-by-case basis." *King*, 378 F.3d at 553

In *Graham-Humphreys*, *supra,* the Sixth Circuit also held that the five factors considered in deciding whether to equitably toll a limitations period are not comprehensive, nor is each of the five factors relevant in all cases. *Graham-Humphreys*, 209 F.3d at 561; *Miller v. Collins*, 305 F.3d 491 (6th Cir. 2002); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  The decision whether to equitably toll a period of limitations must be decided on a case-by-case basis. *Id*.; *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)

A.      Application Of *Dunlap* To The Petitioner's Case:

In applying the factors addressed in *Dunlap* and *Andrews*, the Petitioner's case favors the granting of the tolling with the following factors; (1) the petitioner's lack of notice of the filing requirement, (2) the petitioner's lack of constructive knowledge of the filing requirement; (4) absence of prejudice to the warden, and  (5) the petitioner's reasonableness in

remaining ignorant of the legal requirement for filing his claim.

The Magistrate cited Thomlinson's assertions that he was late because of poor advice as to the filing of his Murnahan application.  The magistrate also notes that Thomlinson failed to specifically state that he was not aware of AEDPA deadlines. The magistrate notes that "lack of actual notice, and 'ignorance of the law, even for an incarcerated pro se petitioner generally does not excuse [late] fililng."(Dkt. 18, Report and Recommendation p. 9-10) citing *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999).  *Fisher* is not controlling here.  In *Fisher*, the Fifth Circuit noted that equitable tolling must be evaluated on a case by case basis. The court did note the lack of knowledge will not in and of itself toll the running of the statute.  However, that court also noted that:

> As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules, but we draw on general principles to guide when equitable tolling is appropriate. We must be cautious not to apply the statute of limitations too harshly. "Dismissal of a first habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty."

*Lonchar* v. *Thomas*, 517 U.S. 314,  at 324

The bottom line in *Fisher* was that  the petitioner had 322 days after learning of the deadline to file.  The record was clear that he was aware of the deadline and that he failed to meet it.

The record is not so clear in this instance.  Tomlinson was working without the benefit of counsel.  As noted above, after the conclusion of the direct appeal in the Ohio Supreme Court, he filed his collateral appeal documents in reverse order of how they should have been filed.  His lack of knowledge on the Murnahan application is understandable.  Everyone has been trying to understand Ohio Rule of Appellate Proceceure 26(B).  The Sixth Circuit has found the rule so

9

unworkable in a consistent manner that tardy filing of the motion will not act as an adequate procedural bar in habeas review cases.  *Franklin v. Anderson*, 434 F.3d 412 (6th Cir. 2006) The changing of the procedure from direct appeal status to a collateral appeal was addressed above. *Lopez v. Wilson*, *supra*

Tomlinson took care to exhaust his issues through the state court procedures.  There is no evidence that anyone advised Tomlinson of the filing dates in either state or federal court. Tomlinson asserts that he was misadvised as to state court proceedings.  (Traverse, Dkt. No. 11, p.2)  It is clear from the Traverse the Tomlinson gamely attempted to address the equitable tolling issue, but confused it with procedural default.  This misunderstanding would seem to have clearly contributed to his confusion about filing dates and his lack of knowledge in the regard.

The Warden would not be prejudiced in this matter by the granting of equitable tolling. The raised claims are record dependant.  An evidentiary hearing, although requested in the petition, is not necessary to develop the legal arguments.

**Hearing Requested to Determine Equitable Tolling Dispute**

The record in this case is not fully developed as to the equitable tolling.  In *Keenan v. Bagley*, 400 F.3d 471 (6th Cir. 2005), the Sixth Circuit noted that whether a  case presents one of those rare occasions in which equitable tolling under AEDPA is proper is an issue appropriately handled by the district court in the course of an evidentiary hearing.  In *Keenan*, the petitioner relied upon the filing of a collateral appeal which he believed tolled the running of that statute of limitations.  The key question for the purposes of equitable tolling, according to the court, was why Keenan filed for state postconviction relief, as opposed to federal habeas relief, on March

10

26, 1999. Id., 421.  As with Thomlinson, had Keenan filed his federal habeas petition instead of relying upon a vague ruling as to a state postconviction deadline, his petition would have been timely filed.

Keenan was represented by counsel at all stages.  Thomlinson made all filings after his direct appeal in state court on a pro se basis.  Thomlinson addressed his argument for equitable tolling in his Traverse.  Tomlinson argued that direct appeal counsel had provided him with incorrect legal advise regarding the 26(B) filing date, did not provide him with the result of the direct appeal in the Ohio Supreme Court until four months after the decision and failed to provide his client with the transcripts of his case in a timely manner.  (Traverse Dkt. No. 11, p.2)

It is apparent the this record as to the equitable tolling has not been fully developed.  Although Tomlinson argues the this Court has the discretion to grant equitable tolling on the record as is, the wiser decision may be to order an evidentiary hearing to that both the Petitioner and the Respondent would have the opportunity to assesses the evidence for and against equitable tolling.  As with *Keenan*, an evidentiary hearing should be held to determine whether Thomlinson is entitled to equitable relief.

11

**IV.     CONCLUSION:**

This Court should find that:

1.      The statute of limitations has run in the instant case;

2.      However, equitable tolling does lie, therefore;

3.      This matter should be remanded to the Magistrate Judge for the purposes of ruling

on the merits of the properly addressed claims of Mr. Thomlinson.

4.      In the alternative, conduct a hearing to determine the merits of the equitable

tolling issue.

Respectfully submitted,


s/ David Doughten
David L. Doughten

Counsel for Petitioner
